IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02939-MSK-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES H. PHILLIPS, JR.,

    Defendant,

v.

AUREUS RADIOLOGY LLC,

    Garnishee.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is the United States of America's Motion for Entry of Garnishee Order [filed December 27, 2012; docket #31]. The Motion is referred to this Court for recommendation.[1] (Docket #32.) Upon review of the docket in this case and the materials submitted by the United States, the Court respectfully RECOMMENDS that the Motion for Entry of Garnishee Order be **GRANTED**.[2]

---

[1] The Tenth Circuit has declined to determine whether a Magistrate Judge is authorized to enter orders of garnishment. *See Soc. of Lloyd's v. Bennett*, 204 F. App'x 278, 731 (10th Cir. 2006). However, several courts in the Western District of Oklahoma have interpreted the Tenth Circuit's decision in *United States v. Thompson*, 285 F. App'x 522 (10th Cir 2008) to require that Magistrate Judges resolve the issue by recommendation. *See United States v. Blackbear*, No. CR-08-0141-F, 2009 WL 90578, at *1 (W.D. Okla. Jan. 13, 2009); *United States v. Tucker*, No. CIV-00-579-C, 2008 WL 4849554, at *1 (W.D. Okla. Nov. 7, 2008). After consulting with the District Court, the Court finds than a recommendation is appropriate in this instance.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

The United States initiated this action against Defendant James H. Phillips, Jr. on December 16, 2009, pursuant to 28 U.S.C. § 1345. On motion by the United States, the District Court entered a consent judgment on March 9, 2010, requiring Defendant to pay the United States a total $32,153.84, plus costs and interest, in satisfaction of his debt. (Docket #8.)

In pursuit of the amount owed, the United States applied for and received a Writ of Garnishment directed to the Garnishee on November 16, 2012. (Dockets ##25, 26.) The United States mailed the Application for Writ of Garnishment, Writ of Garnishment, and Clerk's Notice of Post-Judgment Garnishment to Defendant by first class mail on November 26, 2012, to Defendant's last known address. (Docket #31-2, ¶ 3.) These documents notified Defendant of his right to request a hearing within twenty days to determine exempt property. (*Id.*) As of this date, Defendant has not done so.

The Garnishee filed its Answer with the Court on December 5, 2012, and mailed copies of the same to both Defendant and the United States on December 3, 2012. (Docket #28.) The Answer of the Garnishee denies that the Garnishee had in its possession property belonging to Defendant and asserts that it is "in no manner and upon no account" indebted to Defendant. (*See id*. at 3.) At the same time, the Garnishee represents that Defendant was or is in its employ and that it has paid or expects to pay Defendant net wages in the amount of $1,269.87 for the pay period beginning on November 19, 2012, and ending on November 25, 2012. The United States filed the pending

---

assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

Motion on December 27, 2012, asking the Court to enter an order of garnishment.

Pursuant to 28 U.S.C. § 3205(c), the Court finds that Defendant has received adequate notice and opportunity to object to the garnishment at issue in the pending Motion. Although the Court observes a discrepancy within the Answer of the Garnishee, it is nonetheless satisfied, based on the wages owed by the Garnishee to Defendant, that an order of garnishment is warranted. Therefore, the Court respectfully **RECOMMENDS** that the District Court **GRANT** the Motion for Entry of Garnishee Order [filed December 27, 2012; docket #31] and enter an order directing the Garnishee to pay 25% of Defendant's disposable wages to the United States each pay period until the judgment debt is paid in full or until the Garnishee no longer has custody, possession, or control of any property belonging to Defendant.

Dated and entered at Denver, Colorado, this 9th day of January, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge